**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS TRAINING FUND, LOCAL 597; the BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; BOARD OF TRUSTEES of the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO.:  09-CV-6919<br><br>JUDGE:  ANDERSEN<br><br>MAGISTRATE<br>JUDGE:  SCHENKIER |
| Plaintiffs,<br>vs.<br><br>MONARCH HVAC, INC.,<br>an Illinois Corporation;<br><br>Defendant. | ) ) ) ) ) ) ) ) | |

**MOTION FOR FINAL JUDGMENT**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597 *et al.,* by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court for entry of Final Judgment in favor of Plaintiffs and against Defendant MONARCH HVAC, INC. ("MONARCH"), and in support thereof, state as follows:

1. On or about November 3, 2009, Plaintiffs filed their Complaint in the above-captioned matter.

2. Defendant MONARCH was served via corporate service on November 12, 2009 by leaving a copy of the Summons and Complaint with an employee of Walter Ascher, the

1

Registered Agent of MONARCH. (Affidavit of Service is attached as Exhibit 1).

3. Defendant MONARCH has failed to Answer or otherwise plead to the allegations of the Complaint within 21 days of the date of service. (Fed. R. Civ. P. 12(a)(1)(A)(i)).

4. On or about December 18, 2009, this Court entered a Default Judgment Order ("Order") in favor of Plaintiffs and against Defendant MONARCH. (A copy of the Default Order is attached as Exhibit 2).

5. The Order provided that judgment is entered in favor of Plaintiffs and against Defendant MONARCH in the amount of $14,815.21 for unpaid liquidated damages for the time period of October 2008 through November 2009, $3,933.27 in unpaid liquidated damages for the time period of May 2008 through November 2009 and $154.95 in unpaid interest charges for the time period of May 2008 through November 2009.

5. The Order provided that judgment is entered in favor of Plaintiffs and against Defendant MONARCH for whatever contributions, liquidated damages and interest charges that are shown to be due and owing discovered as a result of an incomplete payroll compliance audit. (Exhibit 2).

6. The Order also provided that judgment was entered in favor of Plaintiffs and against Defendant MONARCH for all auditor fees, attorneys' fees, and all costs incurred by the Plaintiffs in brining the suit. (Exhibit 2).

7. The Order further provided that the Plaintiffs were granted leave to move the court to enter Final Judgment upon completion of the payroll audit.

8. The payroll audit was completed on January 25, 2010 and revealed that Defendant MONARCH owed the Plaintiffs $16,273.91 in unpaid contributions, liquidated damages and interest charges. (Affidavit of Greg Watson is attached as Exhibit 3).

9. Defendant MONARCH owes the Plaintiffs an additional $1,590.01 in liquidated damages

and $1,468.04 in interest charges.  (Exhibit 3).

9. Defendant MONARCH also owes the Plaintiffs $3,618.14 in reasonable attorney's fees pursuant to the terms of the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).  (An Affidavit of Attorney's Fees is attached as Exhibit 4).

10. The total principal balance due and owing to Plaintiffs from Defendant MONARCH is $41,853.53.

11. A proposed Final Judgment Order is attached to this Motion as Exhibit 5.

**WHEREFORE**, Plaintiffs pray for the following:

A. That judgment be entered in favor of Plaintiffs and against Defendant MONARCH in the amount of $41,853.53 for all unpaid contributions, liquidated damages, interest charges and attorney's fees and costs; and

B. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

    Respectfully submitted,

    **JOHNSON & KROL, LLC**

    /s/ Jeffrey A. Krol - 6300262
    One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587